UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAKAL BRUSAMTONE MAKFARSAN,

           Plaintiff,

    v.

ROB BONTA, et. al.,

           Defendants.

Case No. 1:26-cv-03087-HBK

ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915 (g)[1]

(Doc. 2)

FOURTEEN-DAY OBJECTION PERIOD

Plaintiff, a state prisoner confined at the California Substance Abuse Treatment Facility ("SATF"), operated by the California Department of Corrections and Rehabilitation ("CDCR"), initiated this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on April 23, 2026. (Doc. 1, "Complaint").[2] Plaintiff moves to proceed *in forma pauperis* ("IFP"). (Doc. 2). The undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes and the Complaint does not establish that Plaintiff meets the imminent danger exception.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

[2] Plaintiff identifies himself as the Plaintiff and signs the Complaint with the moniker "GAD."

BACKGROUND AND FACTS

The Complaint names Attorney General Rob Bonta and Warden Raul Morales as defendants and identifies the claim as involving exercise of religion.  (*Id.* at 2, 5).  Liberally construed, Plaintiff challenges the prison's authority to continue his incarceration.   (*Id.*).

MOTION TO PROCEED IFP

Except for applications for writs of habeas corpus, all civil actions filed in federal district court require payment of a $405.00 filing fee. 28 U.S.C. § 1914(a). A case may proceed without prepayment of this fee only if the court grants leave to proceed IFP under 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

A.  Three Strikes Framework

Under 28 U.S.C. § 1915(g), a prisoner who, on three or more prior occasions while incarcerated, has brought actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed IFP absent a showing of imminent danger of serious physical injury at the time of filing.  The Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted).  For a dismissal to count as a strike, it must have been a prior occasion—the dismissal order must have been docketed before plaintiff initiated the current case. *See* § 1915(g).  The court must look to the basis of prior dismissals to ensure it qualifies as a strike. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  Dismissals for failure to state a claim count as strikes regardless of whether they are with or without prejudice.  *Lomax,* 140 S. Ct. at 1727.

B.  Plaintiff's Qualifying Strikes

The Court takes judicial notice of the following actions filed by Plaintiff under the name Michael McPherson that were dismissed as frivolous of for failure to state a claim:

- *Makfarsan v. Federal Gov't, et al.*, No. 1:26-cv-01022-KES-HBK (E.D. Cal. Apr. 6, 2026) (dismissed as frivolous, with prejudice);

- *Makfarsan v. Federal District Courts, et al.*, No. 1:26-cv-01020-KES-HBK (E.D. Cal. Apr. 7, 2026) (dismissed as frivolous, with prejudice);

2

- *McPherson v. Barr*, No. 2:20-cv-01206-JAM-EFB (E.D. Cal. Nov. 4, 2020) (dismissed as frivolous);

- *McPherson v. Newman*, No. 2:24-cv-00354-KJM-CSK (E.D. Cal. Feb. 21, 2025) (dismissed for failure to state a claim); and

- *McPherson v. Carpenter*, No. 2:25-cv-00202-DC-CSK (E.D. Cal. Sept. 14, 2025) (dismissed for failure to state a claim).

These dismissals constitute at least three qualifying strikes for purposes of § 1915(g).

### C. The Imminent Danger Exception Does Not Apply

A three-strikes prisoner may proceed IFP only if the complaint plausibly alleges that he faced imminent danger of serious physical injury at the time of filing, and that the alleged danger bears a nexus to the legal violations asserted. *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700.  The court must construe the complaint's facial allegations liberally, but may disregard allegations that are speculative, conclusory, or fanciful. *Andrews*, 493 F.3d at 1057, fn. 11.  Here, even affording the Complaint a liberal construction, Plaintiff alleges no facts, suggesting he faced any imminent risk of serious physical harm when he filed this action.

Because Plaintiff has accrued three or more strikes and the Complaint does not plausibly allege imminent danger of serious physical injury sufficient to invoke the § 1915(g) exception, the undersigned recommends that Plaintiff's motion to proceed IFP be denied and that he be required to pay the full filing fee to proceed.

Accordingly, it is hereby ORDERED:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further RECOMMENDED:

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED under

§ 1915(g) and he be directed to pay the $405.00 filing fee in full, absent which the Court dismiss this action without prejudice.

### NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:    April 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4